UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STRIKE 3 HOLDINGS, LLC,

        Plaintiff,

v.                                                                 Case No: 6:22-cv-1166-RBD-DCI

JOHN DOE SUBSCRIBER ASSIGNED
IP ADDRESS 72.238.100.90,

        Defendant.
_____

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Motion to Quash Subpoena (Doc. 15)** |
| **FILED:** | October 27, 2022 |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

Defendant seeks to have the Court quash the subpoena Plaintiff issued to Defendant's Internet Service Provider (ISP). Doc. 15 (the Motion).[1] Specifically, Defendant opposes the disclosure of their[2] name and address to Plaintiff. *Id.* at 3. The Motion is due to be denied.

District courts have broad discretion in handling discovery matters. *See Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1188 (11th Cir. 2013). "Unless otherwise limited by court

---

[1] The Court construes this filing as a motion to quash subpoena.

[2] The Court uses the singular "they" to refer to Defendant to minimize the disclosure of identifying information.

order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1) (2016). Accordingly, "[t]he Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Thus, the party resisting discovery has a heavy burden of showing why the requested discovery should not be permitted. *See Safranek by & through Safranek v. Wal-Mart Stores, Inc.*, 2010 WL 11505263, at *2 (S.D. Fla. June 1, 2010) (citations omitted).

Rule 45(d)(3)(A)(iv) provides, in part, that upon timely motion, the court must quash or modify a subpoena that "subjects a person to undue burden." The movant bears the burden of demonstrating that the subpoena subjects the movant to undue burden. *See Dig. Assurance Certification, LLC v. Pendolino*, No. 6:17-cv-72-Orl-41TBS, 2017 WL 4342316, at *9 (M.D. Fla. Sept. 29, 2017) (citation omitted); *Int'l Ass'n of Machinists and Aerospace Workers v. P & B Transp.*, Case No. 3:05-cv-1083-J-32MCR, 2007 WL 4145974, at *2 (M.D. Fla. Nov. 19, 2007). "Claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome." *Eastwood Enters., LLC v. Farha*, 2010 WL 11508180, at *4 (M.D. Fla. Apr. 26, 2010).

In the Motion, Defendant details various hardships they have suffered in their life, and the Court does not doubt the veracity of Defendant's assertions. However, Defendant's hardships do not appear to be relevant to whether Plaintiff may obtain Defendant's identifying information in order to evaluate its case. Of course, the Court is aware of the possible embarrassment that a defendant may suffer if their identifying information is made public in these cases. However, Plaintiff has not yet sought to publicly identify Defendant in this case, so any arguments related to

the public disclosure of identifying information are premature. Otherwise, Defendant has not demonstrated that the disclosure of their identifying information to Plaintiff will subject them to an undue burden.

Further, Plaintiff's counsel has represented to the Court that Plaintiff "is careful not to proceed with a case against a defendant unless it feels it has a strong case and a good faith basis for doing so. It will not pursue defendants that provide substantiated exculpatory evidence. *Nor will it pursue defendants that have proven hardships.* The clear objective is to be mindful and reasonable with each case." Doc. 16 at 2 (emphasis original) (internal quotation marks omitted). The Court expects, as in it does in each of these cases, that Plaintiff will use Defendant's identifying information appropriately.

In conclusion, the Court finds no basis to quash the subpoena issued to Defendant's ISP. Accordingly, it is hereby **ORDERED** that the Motion (Doc. 15) is **DENIED**.

**ORDERED** in Orlando, Florida on December 12, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 3 -